UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JHAL DEVONN SMITH,

                Plaintiff,                      Case No. 1:23-cv-1208

v.                                      Honorable Paul L. Maloney

SARAH SOULES LINCOLN et al.,

                Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

### I.    Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Macomb Correctional Facility (MRF) in New Haven, Macomb County, Michigan. The events about which he complains, however, occurred during Plaintiff's criminal case and jury trial

before the Calhoun County Circuit Court, located in Battle Creek, Calhoun County, Michigan. Plaintiff sues Calhoun County Circuit Court Judge Sarah Souls Lincoln and Prosecutor Angelique Camfield-Kuiper.

Plaintiff alleges that, beginning on "November 10, 2014[,] when [Plaintiff w] arrested and confined," (ECF No. 1, PageID.6), Defendants Lincoln and Camfield-Kuiper deprived Plaintiff of his constitutional rights by "holding [Plaintiff] under unlawful convictions" that are "illegal" and "unlawfully sustained" (*id.*, PageID.5). He claims that there was insufficient evidence to charge him with criminal sexual conduct and that Defendants committed or allowed "several misconducts" during Plaintiff's jury trial, leading the jury to convict Plaintiff of the charged offenses. (*Id.*, PageID.7–8.) Plaintiff claims that he was "over sentenced" for the crime of domestic assault, and that he is "not guilty of the crime being held under felony sentences" and "totally innocent." (*Id.*, PageID.5, 7.)

Plaintiff alleges that the Michigan Court of Appeals upheld Plaintiff's criminal convictions on appeal. (*Id.*, PageID.9.) He also claims to have filed a petition for writ of habeas corpus that was denied in 2019. (*Id.*, PageID.12.) Plaintiff seeks monetary damages and injunctive relief in the form of his release from prison and exoneration.

## II.    Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that

is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A.      Challenges to Plaintiff's Criminal Convictions

Plaintiff's claims against Defendants Lincoln and Camfield-Kuiper challenge the validity of Plaintiff's criminal convictions and his incarceration by the State of Michigan. However, a challenge to the fact or duration of confinement should be brought as a petition for habeas corpus; it is not the proper subject of a civil rights action brought pursuant to § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (discussing that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to

secure release from illegal custody). Therefore, because Plaintiff's complaint challenges the fact or duration of his incarceration, it must be dismissed. *See Adams v. Morris*, 90 F. App'x 856, 858 (6th Cir. 2004) (finding that dismissal is appropriate where § 1983 action seeks equitable relief and challenges fact or duration of confinement); *see also Moore v. Pemberton*, 110 F.3d 22, 23–24 (7th Cir. 1997) (discussing that the reasons for not construing a § 1983 action as one seeking habeas relief include (1) potential application of *Heck v. Humphrey*, 512 U.S. 477 (1994), (2) differing defendants, (3) differing standards of § 1915(a)(3) and § 2253(c), (4) differing fee requirements, (5) potential application of second or successive petition doctrine or three-strikes rules of § 1915(g)).

Plaintiff claims for alleged violations of his constitutional rights are independently barred by the Supreme Court's decision in *Heck v. Humphrey*. In *Heck*, the Supreme Court held that a state prisoner cannot make a cognizable claim under § 1983 for an allegedly unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486–87 (footnote omitted). The holding in *Heck* has been extended to actions seeking injunctive or declaratory relief. *See Edwards v. Balisok*, 520 U.S. 641, 646–48 (1997) (applying *Heck* to a claim for declaratory relief); *Clarke v. Stalder*, 154 F.3d 186, 189–90 (5th Cir. 1998) (holding that *Heck* applies to a claim for injunctive relief intertwined with request for damages); *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401, at *1 (6th Cir. May 5, 1998) (applying *Heck* to a claim for injunctive relief).

4

Plaintiff's complaint alleges that Plaintiff's criminal convictions were unlawfully obtained and should be reversed; however, it also alleges that Plaintiff's appeal to the Michigan Court of Appeals was denied. Plaintiff's criminal convictions have not been overturned. His claims are, therefore, barred under *Heck* unless and until his criminal convictions are invalidated.

### B.    Absolute Immunity

To the extent that any portion of Plaintiff's complaint may be construed as bringing a claim that does not seek to undermine Plaintiff's criminal convictions, Plaintiff's claims are nonetheless barred because both Defendants Lincoln and Camfield-Kuiper are entitled to immunity.

### 1.    Defendant Lincoln

Plaintiff alleges that Defendant Lincoln was the judge who handled Plaintiff's criminal case. Generally, a judge is absolutely immune from a suit for monetary damages. *Mireles v. Waco*, 502 U.S. 9, 9–10 (1991) ("[I]t is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.") (internal quotations omitted); *Barrett v. Harrington*, 130 F.3d 246, 254 (6th Cir. 1997); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). Absolute judicial immunity may be overcome in only two instances. First, a judge is not immune from liability for non-judicial actions, i.e., actions not taken in the judge's judicial capacity. *Mireles*, 502 U.S. at 11; *see Forrester v. White*, 484 U.S. 219, 229 (1988) (noting that immunity is grounded in "the nature of the function performed, not the identity of the actor who performed it"). Second, a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction. *Id.* at 12; *Bright v. Gallia Cnty.*, 753 F.3d 639, 649 (6th Cir. 2014) (recognizing the difference between an "excess of jurisdiction and the clear absence of all jurisdiction over the subject matter[,]" and noting that only the latter deprives a judge of judicial immunity).

Plaintiff's allegations fail to implicate either of the exceptions to judicial immunity. There is no doubt that, in presiding over and making rulings during Plaintiff's criminal case, Defendant Lincoln was acting in her judicial capacity with the jurisdiction to do so. Accordingly, Judge Lincoln is absolutely immune from liability.

Moreover, injunctive relief is not available under § 1983, because, under the 1996 amendments to that statute, injunctive relief "shall not be granted" in an action against "a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983; *accord Savoie v. Martin*, 673 F.3d 488, 496 (6th Cir. 2012). Plaintiff does not allege that a declaratory decree was violated, or that declaratory relief was unavailable. Consequently, Plaintiff is not entitled to injunctive relief.

### 2.    Defendant Camfield-Kuiper

Plaintiff sues Defendant Camfield-Kuiper because of her position as prosecutor in Plaintiff's criminal trial, claiming that she pursued charges against Plaintiff despite an absence of probable cause and did not sustain her burden of proving the case against Plaintiff beyond a reasonable doubt. (ECF No. 1, PageID.7–8.) Defendant Camfield-Kuiper is entitled to absolute immunity for her actions in prosecuting the criminal action against Plaintiff.

The Supreme Court embraces a functional approach to determining whether a prosecutor is entitled to absolute immunity. *Kalina v. Fletcher*, 522 U.S. 118, 127 (1997); *Burns v. Reed*, 500 U.S. 478, 486 (1991); *Forrester v. White*, 484 U.S. 219, 229 (1988); *accord Watkins v. Healy*, 986 F.3d 648, 661 (6th Cir. 2021); *Koubriti v. Convertino*, 593 F.3d 459, 467 (6th Cir. 2010); *Lomaz v. Hennosy*, 151 F.3d 493, 497 (6th Cir. 1998). Under a functional analysis, a prosecutor is absolutely immune when performing the traditional functions of an advocate. *Kalina*, 522 U.S. at 130; *Spurlock v. Thompson*, 330 F.3d 791, 797 (6th Cir. 2003); *Grant v. Hollenbach*, 870 F.2d

1135, 1137 (6th Cir. 1989). This includes absolute immunity for the initiation and pursuit of a criminal prosecution. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Lomaz*, 151 F.3d at 497.

Plaintiff's claims against Defendant Camfield-Kuiper arise out of her initiation and pursuit of Plaintiff's criminal charges and, therefore, fall squarely within the traditional functions of her role as a prosecutor. Accordingly, any claims that Plaintiff may have outside of those seeking to undermine Plaintiff's criminal conviction or seek release will be dismissed on the basis of prosecutorial immunity.

### Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Although the Court concludes that Plaintiff's claims are properly dismissed, the Court does not conclude that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court does not certify that an appeal would not be taken in good faith. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610–11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated:   December 14, 2023                          /s/ Paul L. Maloney
                                                    Paul L. Maloney
                                                    United States District Judge